**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| BETH MCDONALD,<br>*on behalf of herself, FLSA Collective Plaintiffs, and*<br>*the Class*<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CERES, LLC<br>　　　d/b/a PRIME HOSPITALITY GROUP,<br>VISTA (IN), LLC<br>　　　d/b/a RUTH'S CHRIS STEAK HOUSE,<br>HOOSIER CITY LP<br>　　　d/b/a RUTH'S CHRIS STEAK HOUSE,<br>SIZZLE, LLC<br>　　　d/b/a RUTH'S CHRIS STEAK HOUSE,<br>ZZX, LLC<br>　　　d/b/a RUTH'S CHRIS STEAK HOUSE,<br>CHESTERFIELD PRIME, LLC<br>　　　d/b/a RUTH'S CHRIS STEAK HOUSE,<br>TERRA LIMITED PARTNERSHIP<br>　　　d/b/a RUTH'S CHRIS STEAK HOUSE,<br>JOHN DOE CORPORATION,<br>　　　d/b/a RUTH'S CHRIS STEAK HOUSE.<br><br>　　　　　　　Defendants. | Case No.:<br><br>**CLASS AND**<br>**COLLECTIVE ACTION**<br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, BETH MCDONALD, (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective action Complaint against CERES, LLC d/b/a PRIME HOSPITALITY GROUP

("Defendant CERES"), VISTA (IN), LLC d/b/a RUTH'S CHRIS STEAK HOUSE ("Defendant VISTA (IN), LLC"), HOOSIER CITY LP d/b/a RUTH'S CHRIS STEAK HOUSE ("Defendant HOOSIER CITY LP"), SIZZLE, LLC d/b/a RUTH'S CHRIS STEAK HOUSE ("Defendant SIZZLE, LLC"), ZZX, LLC d/b/a RUTH'S CHRIS STEAK HOUSE ("Defendant ZZX, LLC"), CHESTERFIELD PRIME, LLC d/b/a RUTH'S CHRIS STEAK HOUSE ("Defendant CHESTERFIELD PRIME, LLC"), TERRA LIMITED PARTNERSHIP d/b/a RUTH'S CHRIS STEAK HOUSE ("Defendant TERRA LIMITED PARTNERSHIP"), JOHN DOE CORPORATION, d/b/a RUTH'S CHRIS STEAK HOUSE (collectively, "Corporate Defendant" or "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiff MCDONALD alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 et. seq. ("FLSA"), that she and other similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving (2) unpaid wages due to invalid tip credit; (3) illegally retained gratuities; (4) liquidated damages; and (5) attorney's fees and costs.

2.     Plaintiff MCDONALD further alleges that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving (2) unpaid wages due to invalid tip credit; (3) illegally retained gratuities; (4) liquidated damages; (5) statutory penalties; and (6) attorney's fees and costs, under the following wage laws:

(a) Missouri: Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500 *et seq.*;

(b) Arkansas: Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.*;

(c) Indiana: Indiana Wages Hours and Benefits ("IWHB"), Ind. Code §22-2-2 *et seq.* Indiana Frequency of Wage Payments Ind. Code §22-2-5 *et seq.*

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff, BETH MCDONALD, is a resident of St. Louis County, Missouri.

6.      Ruth's Chris Steak House is a Restaurant chain of over hundred and fifty (150) steakhouses across the United State, Canada and Mexico, owned by various different corporate entities. Defendants, as Franchisee Owners, collectively own and operate seven (7) steak house and grill restaurants in the states of Missouri, Indiana, and Arkansas under the common trade name "Ruth's Chris Steak House." Defendants own and operate Ruth's Chris Steak House restaurants at the following locations:

      a) **St. Louis, MO**:  Hyatt Hotel, 315 Chestnut St, St. Louis, MO 63102 ("St. Louis Location");

      b) **Chesterfield, MO**: 16493 Wild Horse Creek Rd, Chesterfield, MO 63017("Chesterfield Location");

      c) **Fort Wayne, IN**: 224 W Wayne St., Fort Wayne, IN 46803 ("Fort Wayne Location");

      d) **Indianapolis Downtown, IN**: 45 South Illinois Street, Indianapolis, IN 46204 ("Downtown Indianapolis Location");

      e) **Indianapolis Northside, IN**: 2727 E 86th Street, Indianapolis, IN 46240 ("Northside Indianapolis Location");

      f) **South Bend, IN**: 902 E University Drive, Granger, IN 46530 ("South Bend Location"); and

      g) **Rogers, AR**: 3529 S Pinnacle Hills Pkwy, Rogers, AR 72758 ("Rogers Location").
         (collectively, the "Restaurants")

The Restaurants are operated as a single, integrated enterprise under the common control of the Corporate Defendants. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

a) All of the Restaurants are owned and operated by Corporate Defendant CERES, LLC d/b/a PRIME HOSPITALITY GROUP. **Exhibit A**; **Exhibit B**.

b) Ryan Rans and Kristy Rans, own and operate Corporate Defendant CERES, LLC d/b/a PRIME HOSPITALITY GROUP, which manage, administer, supervise, control, and oversee all Restaurants. *See* **Exhibit A**.

c) All the Restaurants, as a part of the Prime Hospitality Group, share the same management team. *See* **Exhibit A**.

d) All the Ruth's Chris Steakhouses also share Prime Hospitality Group's "Core Values." *See* **Exhibit A**.

e) All the Ruth's Chris Steakhouses maintain a similar business motto which is to promote "the perfect dining experience . . . [and] a family-friendly, fine dining atmosphere" **Exhibit C.**

f) Defendants operate the Restaurants as a chain. The Restaurant establishments share a trade name, serve similar goods, have the same suppliers, and all share similar décor, ambience, menu options, and appearance.

g) The Restaurants are all advertised jointly and are listed alongside one another on Defendants' websites https://primehg.com/restaurants/ and https://www.ruthschrisphg.com/. *See* **Exhibit B; Exhibit C.**

h) All Restaurants have a centralized Human Resource that deals with hiring, firing, and administering all the Restaurants' work force. Moreover, all the Restaurants utilize a centralized platform for hiring. *See* **Exhibit D**.

i) All of the Restaurants share a contact page. *See* **Exhibit E**.

j) Employees are interchangeable between different Restaurants locations owned by Corporate Defendants.

7.      Corporate Defendant CERES LLC d/b/a PRIME HOSPITALITY GROUP is a domestic limited liability company organized under the laws of the state of Indiana, with an address of 8425 Woodfield Crossing Blvd., Suite 550 W, Indianapolis, IN 46204. Corporate Defendant PRIME HOSPITALITY GROUP, LLC owns and controls all Corporate Defendants and Restaurants.

8.      Corporate Defendant VISTA (IN), LLC is a foreign limited liability company organized under the laws of the state of Missouri, with a principal place of business at Hyatt Hotel, 315 Chestnut St, St. Louis, MO 63102 and an address for Registered Agent of 701 Market Street, Suite 1375, Saint Louis, MO 63101. Corporate Defendant VISTA(IN), LLC owns and operates the St. Louis Location.

9.      Corporate Defendant HOOSIER CITY LP is a domestic limited partnership organized under the laws of the state of Indiana, with a principal place of business located at 45 South Illinois Street, Indianapolis, IN 46204 and an address for service of process at 8425 Woodfield Crossing, Suite 550W, Indianapolis, IN 46240. Corporate Defendant HOOSIER CITY LP is a corporate entity that owns and operates the Downside Indianapolis Location.

10.      Corporate Defendant SIZZLE, LLC is a business corporation organized under the laws of the state of Indiana, with a principal place of business at 902 E University Drive, Granger,

IN 46530 and an address for service of process located at 8425 Woodfield Crossing, Suite 550W, Indianapolis, IN 4624. Corporate Defendant SIZZLE LLC is a corporate entity that owns and operates the South Bend Location.

11.     Corporate Defendant ZZX, LLC is a domestic business corporation organized under the laws of the state of Indiana, with a principal place of business at 224 W Wayne St., Fort Wayne, IN 46803 and an address for service of process located at 8425 Woodfield Crossing, Suite 550W, Indianapolis, IN 46240. Corporate Defendant ZZX, LLC is a corporate entity that owns and operates the Fort Wayne Location.

12.     Corporate Defendant TERRA LIMITED PARTNERSHIP is a domestic business corporation organized under the laws of the state of Indiana, with a principal place of business at 2727 E 86th Street, Indianapolis, IN 46240 and an address for service of process located at 8425 Woodfield Crossing, Suite 550W, Indianapolis, IN 46240. Corporate Defendant TERRA LIMITED PARTNERSHIP is a corporate entity that owns and operates the Northside Indianapolis Location.

13.     Corporate Defendants JOHN DOE CORPORATIONS 1-6 are business corporations organized under the laws of state of Arkansas. Defendants JOHN DOE CORPORATIONS 1-6 are corporate entities that own and operate the Rogers Location. The identities JOHN DOE CORPORATIONS 1-6 will be determined over the course of discovery in this lawsuit, and a subsequent amended complaint will be filed to identify such entities.

14.     At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

15.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## MULTI-STATE FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, bartenders, servers, runners, bussers, cashiers, porters, cooks, line-cooks, food preparers, and dishwashers) employed by Defendants in Missouri, Indiana, and Arkansas, on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

17.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages for all hours worked due to Defendants' policy of (i) failing to pay wages, including overtime, due to time-shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. A subcollective of tipped employees ("Tipped Subcollective) has a claim for: (i) unpaid wages, including overtime, due to invalid tip credit and (ii) unlawfully retained gratuities.

18.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## MULTI-STATE RULE 23 CLASS ALLEGATIONS

19.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure

("F.R.C.P.") Rule 23, on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, bartenders, servers, runners, bussers, cashiers, porters, cooks, line-cooks, food preparers, and dishwashers) employed by Defendants in Missouri, Indiana, and Arkansas, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members in this Class. The Class further includes subclasses of tipped employees ("Tipped Subclass" ) who also number more than forty (40). Plaintiff MCDONALD is also a member of the Tipped Subclass.

22.     To the extent necessary, Plaintiff will designate subclasses for each of Missouri, Indiana, and Arkansas, where Defendants have employees.

23.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of

the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of: failing to pay wages, including overtime, due to time-shaving.

24.     With regard to the Tipped Subclass, Defendants also failed to pay the proper minimum wage because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements. Plaintiff and the Tipped Subclass similarly suffered from Defendants' failure to pay the proper minimum wage due to Defendants' invalid tip credit allowance, because Defendants (i) failed to properly provide tip credit notice; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked during a given shift each workweek; (iii) implemented an invalid tip pooling scheme which included employees who should not have been included in the tip pool; (iv) illegally retained tips; (v) failed to provide proper wage statements clearly indicating tip credit allowance; and (vi) failed to accurately keep track of daily tips earned and maintain records thereof. All the Tipped Subclass members were also subject to the same corporate practices of Defendants, namely, (i) unpaid wages due to an invalid tip credit and (ii) unlawfully retained gratuities.

25.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

26.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

27.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28.     Defendants and other employers throughout the country violate the relevant state wage laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

29.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.   Whether Defendants employed Plaintiff and the Class within the meaning of each state's labor laws;

b.   What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c.   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d.   Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members for all hours worked;

e.   Whether Defendants accurately kept records of all hours worked by Plaintiff and Class members;

f.   Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

g.   Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% or two hours of their work shift;

h.   Whether Defendants established an invalid tip pooling arrangement by instituting an invalid tip pooling scheme in which Plaintiff and the State Tipped Subclass did not agree to and where non-tipped employees participated;

i. Whether Defendants accurately tracked the amounts of tips earned each day and maintained records thereof;

j. Whether Defendants retained any portion of the gratuities for their tipped employees;

k. Whether Defendants provided proper wage statements informing: (i) tipped employees of the amount of tip credit allowance for each payment period; and (ii) all non-exempt employees of information required to be provided on wage statements as required under applicable state laws; and

l. Whether Defendants provided proper wage and hour notice to employees, pursuant to the requirements of applicable state laws.

## **STATEMENT OF FACTS**

30. In or around August 2020, Plaintiff MCDONALD was hired by Defendants to work as a bartender for Defendants RUTH'S CHRIS STEAK HOUSE restaurant, located at 315 Chestnut St, St. Louis, MO 63102.

31. From the beginning of Plaintiff MCDONALD's employment with Defendants to November 1, 2020, Plaintiff MCDONALD was scheduled to work five (5) days per week, from 3:30 p.m. to 10:30 p.m.

32. On November 1, 2020, Plaintiff was transferred to the RUTH'S CHRIS STEAK HOUSE located at 16493 Wild Horse Creek Rd, Chesterfield, MO 63017. When Plaintiff worked at the RUTH'S CHRIS STEAK HOUSE located at 16493 Wild Horse Creek Rd, Chesterfield, MO 63017, Plaintiff was scheduled to work six (6) days per week and approximately sixty (60) hours per week.

33.     In or around December 2020, Plaintiff was re-assigned to the RUTH'S CHRIS STEAK HOUSE restaurant, located at 315 Chestnut St, St. Louis, MO 63102 and resumed working from 3:30 p.m. to 10:30 p.m.. Plaintiff's employment was terminated in or around February 2021.

34.     From the start of her employment to December 31, 2020, Plaintiff MCDONALD was paid at a tipped rate of $7.00 per hour. From January 1, 2021 to the end of her employment, Plaintiff was paid at a tipped rate of $9.00 per hour.

35.     Throughout her employment, Defendants automatically deducted thirty (30) minutes for Plaintiff MCDONALD's purported meal breaks. However, Plaintiff was always required to work through her meal breaks and was not able to take a free and clear break. FLSA Collective Plaintiffs and Class Members similarly were automatically deducted thirty (30) minutes for their alleged meal breaks, which they were required to work through.

36.     Plaintiff MCDONALD was further required to come in approximately one (1) hour before her shift started to perform side work and prepare the bar for service. However, Plaintiff was not permitted to clock in until her shift started. FLSA Collective Plaintiffs and Class Members similarly had to work before their shift began, but were not permitted to clock in before their shifts, and therefore were not compensated for such pre-shift work they performed.

37.     Throughout her employment, Plaintiff MCDONALD, FLSA Collective Plaintiffs, and Tipped Subclass members were paid below the minimum wage at an invalid tipped credit minimum wage. Defendants were not entitled to claim any tip credit allowance under the FLSA, MMWL, AMWA, or IWHB because Defendants: (i) failed to properly notify Class Members that they will be taking tip credits; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them; (iii) claimed tip credit for all hours

worked despite having caused tipped employees to engage in non-tipped duties in excess of two (2) hours or twenty percent (20%) of the total hours worked each shift; (iv) failed to accurately track daily tips earned or maintain records thereof; (v) failed to implement a proper tip pool that tipped employees agreed to; and (vi) illegally retained tips.

38.     Throughout her employment, Plaintiff MCDONALD was required to engage more than twenty percent (20%) of her working time performing non-tipped related activities such as, cutting up fruit, juicing fruits, receiving and putting away inventory, prepping side dishes such as blue cheese olives, vacuuming and mopping the restaurant, and rolling and polishing silverware. Even though Defendants required Plaintiff MCDONALD, a subclass of the FLSA Collective Plaintiffs, and the Tipped Subclass employees to engage in non-tipped activities in excess of two (2) hours or twenty percent (20%) of the total hours worked each shift, Defendants improperly claimed tip credit for all hours worked.

39.     Moreover, Defendants had implemented an invalid tip pooling scheme which Plaintiff did not agree to and which included employees who should not have been included in the tip pool. Defendants failed to inform Plaintiff, a subclass of FLSA Collective Plaintiffs and Tipped Subclass members that all tips received by them are to be retained by them, except pursuant to a valid tip pooling arrangement in violation of the FLSA, which they failed to implement.

40.     Throughout her employment, Defendants failed to compensate Plaintiff for all hours worked due to Defendants policy of time-shaving.

41.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked, in violation of FLSA, MMWL, AMWA, or IWHB.

42.     Defendants knowingly and willfully operated their business with a policy of improperly deducting a tip credit from the wages of Plaintiff, a subclass of FLSA Collective Plaintiffs, and Tipped Subclass members.

43.     Defendants knowingly and willfully operated their business with a policy of illegally retaining tips from Plaintiff, a subclass of FLSA Collective Plaintiffs, and Tipped Subclass members.

44.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members, at the beginning of their employment, pursuant to the requirements of MMWL, and applicable state labor laws.

45.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members as required by the MMWL, and applicable state labor laws.

46.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

47.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

48.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered

individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

50.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

51.     At all relevant times, Defendants had a policy and practice that failed to pay Plaintiff her proper compensation for any and all of her hours worked due to timeshaving.

52.     At all relevant times, Defendants had a policy and practice that failed to pay proper compensation at the statutory rate of minimum wages set by relevant state regulations due to an invalid tip credit to Plaintiff and a subclass of FLSA Collective Plaintiffs.

53.     At all relevant times, Defendants had a policy and practice of unlawfully retaining Plaintiff and a subclass of FLSA Collective Plaintiffs' gratuities.

54.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55.     Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, when Defendants knew or should have known such was due.

56.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

57.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff

and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

58.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to invalid tip credit, unpaid wages due to time-shaving, illegal tip retentions and deductions, plus an equal amount as liquidated damages.

59.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE MISSOURI MINIMUM WAGE LAW</u>

60.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

61.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of Missouri Minimum Wage Law ("MMWL") MO. Rev. Stat. §§ 290.500.

62.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff the proper compensation for all of her hours worked due to timeshaving.

63.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and Tipped Subclass members the statutory minimum wage due to invalid tip credit.

64.     Defendants willfully violated the rights of Plaintiff and Tipped Subclass members by retaining gratuities, in direct violation of MMWL.

65.     Defendants failed to properly notify employees of their tips and tip pooling policies, in direct violation of MWLL.

66.     Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under MMWL. MO. Rev. Stat. §§ 290.080.

67.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and tipped Subclass members proper tip notices, at date of hiring and annually thereafter, as required under the MMWL.

68.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under the MMWL.

69.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under the MMWL.

70.     Due to Defendants' MMWL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages due to an invalid tip credit, unpaid wages for due to time-shaving, illegally retained gratuities, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to MMWL.

## COUNT III

## <u>VIOLATION OF ARKANSAS WAGE AND HOUR LAWS</u>

71.     Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

72.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*.

73.     Defendants knowingly and willfully violated Plaintiff and Class Members' rights by failing to pay them the proper wages, including overtime, due to time shaving.

74.     Defendants knowingly and willfully violated Plaintiff and Class Members' rights by failing to pay them the proper wages, including overtime, due to an invalid tip credit.

75.     Defendants willfully violated the rights of Plaintiff and Class Members' rights by retaining gratuities.

76.     Due to Defendants' A.R.S. violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages due to timeshaving, unpaid wages due to an invalid tip credit, illegally retained gratuities, damages for unreasonably delayed payments, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

**COUNT IV**

**VIOLATION OF INDIANA WAGE AND HOUR LAWS**

77.     Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

78.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the I.C. § 22-4-8-1.

79.     Defendants knowingly and willfully violated Plaintiff and Class Members' rights by failing to pay them the proper wages, including overtime, due to time shaving.

80.     Defendants knowingly and willfully violated Plaintiff and Class Members' rights by failing to pay them the proper wages, including overtime, due to an invalid tip credit.

81.     Defendants willfully violated the rights of Plaintiff and Class Members' rights by retaining gratuities.

82.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members, as required under the applicable state wage and hour laws.

83.     Due to Defendants' state law violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages due to timeshaving, unpaid wages due to an invalid tip credit, illegally retained gratuities, damages for unreasonably delayed payments, statutory

penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under FLSA, and the applicable state laws of Missouri, Indiana, and Arkansas;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid wages due to time shaving due under FLSA, and applicable state laws of Missouri, Indiana, and Arkansas;

d.   An award of unpaid wages and overtime due to invalid tip credit deductions under FLSA, and the applicable state laws of Missouri, Indiana, and Arkansas;;

e.   An award of invalid retained gratuities due under the FLSA, and the applicable state laws of Missouri, Indiana, and Arkansas;

f.   An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties;

g.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, due to  time shaving, to pay proper wages due to an invalid tip credit, and improperly retaining gratuities, pursuant to FLSA;

h.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, due to time shaving, to pay proper wages due to an invalid tip credit, and improperly retaining gratuities, pursuant to the applicable state laws of Missouri, Indiana, and Arkansas;

i.   Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

j.   Designation of this action as a class action pursuant to F.R.C.P. 23;

k.   Designation of Plaintiff as Representative of the Class; and

l.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 1, 2022                              Respectfully submitted,

By:    */s/ C.K. Lee*
       C.K. Lee, Esq.

       **LEE LITIGATION GROUP, PLLC**
       C.K. Lee (CL 4086)
       148 West 24th Street, 8th Floor
       New York, NY 10016
       Tel.: (212) 465-1188
       Fax: (212) 465-1181
       *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*